**NOT FOR PUBLICATION**

OCT 28 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 13-16365 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02293-SRB |
| v. | |
| CHARLES L. RYAN, Director of Prison Operations; BETTY ULIBARRI, Contract Paralegal (ADOC), | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted October 14, 2014[**]

Before:      LEAVY, GOULD, and BERZON, Circuit Judges.

Arizona state prisoner Andre Almond Dennison appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging access-

to-court claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Dennison's access-to-court claims against Ulibarri concerning Dennison's photocopying requests and the withholding of discovery requests in his 2008 action because Dennison failed to raise a genuine dispute of material fact as to whether Ulibarri's alleged misconduct proximately caused him actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002) (discussing elements of "backward-looking denial of access claim"); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (in a § 1983 action, the plaintiff must establish the defendant's conduct was the cause-in-fact and proximate cause of the claimed injury).

The district court properly granted summary judgment on Dennison's access-to-court claim against Ulibarri concerning her alleged refusal to approve his two notices of claims as legal mail because Dennison failed to raise a triable dispute as to whether his underlying claims were non-frivolous. *See Christopher*, 536 U.S. at 416 (the complaint must describe the underlying claim "well enough to apply the 'nonfrivolous test'" and "to show that the 'arguable' nature of the underlying claim is more than a hope"); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous where "it lacks an arguable basis either in law

or in fact").

The district court properly granted summary judgment on Dennison's access-to-court claim against Ryan because Dennison failed to raise a triable dispute as to Ryan's supervisory liability. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing requirements for supervisory liability under § 1983).

We do not consider the two notices of claims submitted as exhibits to Dennison's reply brief because they were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject Dennison's contentions that the district court violated his due process right and that the district court erred in failing to provide him notice of the format for his response to the order to show cause.

Dennison's third motion for extension of time to file his reply brief, filed on September 15, 2014, is granted. The clerk shall file the reply brief submitted on September 15, 2014.

**AFFIRMED.**